**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER L. HELGESON, | ) | Cause No. CV 05-156-BLG-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| DAVID CASTLE, SHERIFF/WARDEN | ) | TO DISMISS HABEAS PETITION |
| GREAT FALLS REGIONAL PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. On July 17, 2006, Petitioner was required to file, on or before August 14, 2006, a brief explaining his failure to file his § 2254 petition within the applicable limitations period. (Court's Doc. No. 5). Petitioner did not comply with the Court's Order.

On October 17, 2006, the Court issued an Order to Petitioner to show cause on or before October 27, 2006, why his case should not be dismissed for failure to prosecute. No response has been filed.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS HABEAS
PETITION / PAGE 1

(3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986).  Petitioner has failed to respond to the Court's Order to explain his failure to file his habeas petition within the applicable statute of limitations and he has failed to respond to the Court's show cause order.  This Court finds that in light of Petitioner's refusal to respond to and comply with two Court orders, the factors cited above weigh in favor of dismissal of the petition.

In addition, Petitioner's refusal to explain his failure to file his petition within the applicable statute of limitations is grounds for dismissal.  As set forth in the Court's July 17, 2006, Order, the judgment against Petitioner was entered on June 9, 2003. (Court's Doc. No. 2-3, p. 19).  Petitioner did not file his petition with this Court until December 16, 2005, more than two years after Petitioner's conviction was entered.  The time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation.  However, Petitioner did not file his Petition for Writ of Habeas Corpus in the state court until August 14, 2005, again more than two years after his judgment was entered.  Therefore, Petitioner's federal habeas petition was filed beyond the applicable one-year statute of limitations period.  The Court gave given Petitioner an opportunity to explain this failure pursuant to Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) and Petitioner did not respond.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS HABEAS PETITION / PAGE 2

Accordingly, it being found that Petitioner has refused to respond to two Court orders, the Court finding that the relevant factors weigh in favor of dismissing the habeas petition, and the petition being filed outside the applicable statute of limitations, the Court enters the following:

**RECOMMENDATION**

That Helgeson's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Petitioner.  Petitioner is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is entered on the docket as indicated on the Notice of Electronic Filing attached hereto, or objection is waived.

DATED this 7th day of March, 2007.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS HABEAS PETITION / PAGE 3